UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | | |
|---|---|---|---|
| LEONARD RAY WALKER, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:20-CV-410-TAV-DCP |
| | ) | | |
| SCOTTIE RYAN DAVIS, | ) | | |
| | ) | | |
| Defendant. | ) | | |

### MEMORANDUM OPINION

The Court is in receipt of a pro se prisoner's complaint for violation of 42 U.S.C. § 1983 [Doc. 1], a motion for leave to proceed *in forma pauperis* [Doc. 4], and an amended motion for leave to proceed *in forma pauperis* [Doc. 6]. For the reasons set forth below, the initial motion for leave to proceed *in forma pauperis* will be **DENIED AS MOOT**, the amended motion for leave to proceed *in forma pauperis* [Doc. 6] will be **GRANTED,** and this action will be **DISMISSED** because the complaint fails to state a claim upon which relief may be granted under § 1983.

**I.    FILING FEE**

As an initial matter, Plaintiff initially filed a motion for leave to proceed *in forma pauperis* [Doc. 4]. The Court thereafter directed Plaintiff to file an amended motion, because he had not fully completed the application form [Doc. 5]. Plaintiff complied with this order by filing an amended motion for leave to proceed *in forma pauperis* [Doc. 6] which included a completed application form. Because Plaintiff has filed an amended

motion to proceed *in forma pauperis*, including all of the necessary information, Plaintiff's initial motion for leave to proceed *in forma pauperis* will be **DENIED AS MOOT**.

As to Plaintiff's amended motion for leave to proceed *in forma pauperis*, it appears from Plaintiff's amended motion [Doc. 6] that he is unable to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [Doc. 6] will be **GRANTED**.

Because Plaintiff is an inmate in the Knox County Detention Facility, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) has been paid to the Clerk. 28 U.S.C. §§ 1915(b)(2) and 1914(a).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined, and to the Attorney General for the State of Tennessee. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Clerk also will be **DIRECTED** to provide a copy to the Court's financial deputy.

## II.  SCREENING

### A.  Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or seek monetary damages against a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).  The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).  Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however.  *Twombly*, 550 U.S. at 555, 570.  Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief.  *Iqbal*, 556 U.S. at 681.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

### B.     Allegations of the Complaint

Plaintiff alleges that on July 2, 2020, Defendant Davis assaulted and harassed him [Doc. 1 at 3–4]. Plaintiff specifically alleges that Defendant Davis threw four cans of Ajax at him, all of which hit him, and made threats to have Plaintiff fired [*Id.* at 4]. Plaintiff also claims that "[he] could have suffered eye injur[ies]" and did not provoke Defendant Davis [*Id.*]. Plaintiff additionally states that recently, including in the two days before he filed his complaint, on July 18, 2020, inmates told him of other threats and that "Defendant Davis [was] telling inmates to have [Plaintiff] beat up" [*Id.* at 4–5]. Attachments to Plaintiff's complaint establish that on July 13, 2020, Defendant Davis was reassigned to a different pod [*Id.* at 9], and as of July 17, 2020, would no longer work in Plaintiff's building [*Id.* at 6], due to Plaintiff's grievances about this matter [*Id.* at 6–9]. Plaintiff has sued only Defendant Davis and seeks monetary damages [*Id.* at 5].

### C.     Analysis

First, while Plaintiff alleges that Defendant Davis threatened and harassed him, any such actions, while unfortunate, do not rise to the level of a constitutional violation. *Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (providing that harassment and

4

verbal abuse do not constitute the type of infliction of pain that the Eighth Amendment prohibits).

Moreover, while Plaintiff also alleges that, on one occasion, Defendant Davis hit him with four cans of Ajax, it is apparent that Plaintiff was not injured in this incident, as Plaintiff specifies that he "could have suffered eye injur[ies]" due to this act [Doc. 1 at 4]. However, prisoners cannot recover for emotional or mental injury resulting from a constitutional violation absent a prior physical injury that is more than *de minimis*. *Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010); *see also* 42 U.S.C. § 1997e(e) (providing that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury").

Further, while Plaintiff alleges in his complaint that inmates have recently informed him that Defendant Davis told other inmates to have Plaintiff beat up, as set forth above, Plaintiff signed his complaint on July 18, 2020 [Doc. 1 at 5], which was one day after Defendant Davis had been removed from Plaintiff's building and five days after Defendant Davis had been reassigned from Plaintiff's pod [*Id.* at 6, 9]. As such, it appears that these comments from inmates likely referred to past statements of Defendant Davis, as Plaintiff does not allege or seek relief for any ongoing threat to him from Defendant Davis, and nothing in the complaint allows the Court to plausibly infer any such ongoing threat. *Twombly*, 550 U.S. at 555, 570 (holding that an allegation that does not raise a plaintiff's

5

right to relief "above a speculative level" fails to state a claim upon which relief may be granted).

Thus, the complaint fails to state a claim upon which relief may be granted under § 1983 and this action will be **DISMISSED**.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's initial motion for leave to proceed *in forma pauperis* [Doc. 4] will be **DENIED AS MOOT**;

2. Plaintiff's amended motion for leave to proceed *in forma pauperis* [Doc. 6] will be **GRANTED**;

3. Plaintiff will be **ASSESSED** the civil filing fee of $350.00;

4. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

5. The Clerk will be **DIRECTED** to provide a copy of this memorandum opinion and the accompanying order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

6. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

7. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); and

8. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

                                        s/ Thomas A. Varlan
                                        UNITED STATES DISTRICT JUDGE